## WOLVERTON VS. HAUPT.

A man conveyed land to his wife, by deed, the *habendum* of which, limited it to her, so long as she bore his name; held, that she had an estate during widowhood, which she forfeited by her subsequent marriage.

An estoppel will not be raised, unless the case stated clearly sets forth facts sufficient to support it.

Error to the Common Pleas of Northumberland County, No. 20 Jan. Term, 1885.

This was an action of ejectment in the Court below, brought by William P. Haupt and others against J. M. Wolverton, executor. The following case stated was agreed upon:

And now, May 1, A. D. 1884, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the Court in the nature of a special verdict.

*First,* That the title for the land mentioned in the writ of ejectment in this case was out of the commonwealth on the *seventeenth* day of May, A. D., one thousand eight hundred and fifty-four.

*Second,* Francis Klase was the owner in fee simple of said land, and on the *seventeenth* day of May, A. D., one thousand eight hundred and fifty-four, conveyed the same by deed to John Farrow, his heirs and assigns.

*Third,* John Farrow, the grantee in the deed from Francis Klase, made the following assignment on the back of said deed, to Annetta Farrow, his wife:

"Know all men by these presents, that John Farrow, the grantee within named, for and in consideration of the sum of

two hundred and ten dollars, to him in hand paid, by Annetta Farrow, of Shamokin township, Northumberland county and State of Pennsylvania, the receipt whereof he does hereby acknowledge, hath granted, bargained, sold, assigned and set over ; and by these presents doth grant, bargain, sell, assign and set over unto the said Annetta Farrow, her heirs and assigns, all the within mentioned messuage, tenement, and lot of land, as contained and described in the within deed of conveyance from Francis Klase and Rebecca his wife, to John Farrow, bearing date the seventeenth day of May, A. D., 1854, as by reference to said deed more fully will appear. To have and to hold the said messuage, tenement and lot of ground hereby granted and assigned or mentioned, or intended, so to be with the appurtenances unto the said Annetta Farrow, (so long as she bears the name of Farrow,) her heirs and assigns : To the only proper use and behoof of the said Annetta Farrow, her heirs and assigns forever. And the said John Farrow and his heirs, the said hereby granted and assigned premises, with the appurtenances, unto the said Annetta Farrow, her heirs and assigns, against him, the said John Farrow and his heirs, and against all and every other person and persons whomsoever lawfully claiming or to claim the same, shall and will warrant and forever defend, by these presents.

In witness whereof, the said John Farrow, to these presents hath set his hand and seal this *fifteenth* day of June, in the year of our Lord, one thousand eight hundred and fifty-four.

Sealed and delivered in the presence of us.

H. H. VASTINE.
CHARLES MARTZ.

JOHN FARROW, [L. S.]

Duly acknowledged on the 15th day of July, A. D., 1854, before Charles Martz, Esq., a Justice of the Peace, in and for the County of Northumberland.

*Fourth,* That some time after the execution and delivery of the above deed the said John Farrow died intestate, left surviving Annetta Farrow, the grantee in the above deed. Mary C. Farrow, now wife of Wm. H. Haupt, Elizabeth J. Farrow,

now wife of William Baty and Orvan Farrow, the three last named are the plaintiffs in this action.

*Fifth,* Sometime before the second day of April, A. D., 1864, Annetta Farrow married Christian ˙Rohrbach, and by that act changed her name, and did no longer bear the name of *Farrow.*

*Sixth,* On the second day of April, 1 864, Christian Rohrbach and Annetta, his wife, conveyed the land mentioned and described in the ejectment to David J. Willett, in *fee simple.*

*Seventh,* On the 7th day of December, 1881, David J. Willett, made his last will and testament in writing, prior to which time, to wit: about eight years ago, he rebuilt the house on the premises which was after the death of the testator, to wit: on the 7th day of January, 1882, duly probated by the Register of Wills of Northumberland county and letters of testamentary granted to J. M. Wolverton, the defendant, and by the terms of the will the said J. M. Wolverton has the possession of the premises mentioned in the writ of ejectment.

*Eighth,* If the Court be of opinion that the title to the land described in the writ of ejectment, which is made part of this case stated, was in David J. Willett at the time of his death, by virtue of the *herein before* recited conveyances, then judgment to be entered in favor of the defendant; if otherwise, then judgment to be entered for the plaintiffs, for the premises described in the writ of ejectment. The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein.

---

The Court entered judgment on the case in favor of the plaintiffs, in the following opinion, per:

Rockefeller, P. J.

On the 15th of June, 1854, John Farrow, by deed of assignment, conveyed to his wife, Annetta Farrow, a lot of ground. In the *premises* it is granted to her, her heirs and assigns, but in the *habendum,* the estate so granted is reduced upon condition by the words following: "So long as she bears the name of Farrow." After the execution of the deed, John Farrow

died, leaving to survive him, the said Annetta Farrow, his widow, and three children. Whilst the estate was so vested in the said Annetta, the widow, she married a man by the name of Christian Rohrbach, and, as set forth in the case stated "by that act changed her name and did no longer bear the name of Farrow." After the marriage, Rohrbach and wife conveyed to David J. Willett, the defendant's testator, who sometimes afterwards rebuilt the house on the premises. This is an ejectment by Farrow's three children to recover the land for condition broken. Recovery is resisted for several reasons, principally, because it is alleged the words used in the deed do not constitute a condition ; that if there is a condition it is uncertain, that the habendum is repugnant to the premises and is void ; that the condition is void and the parties waived the condition by allowing Willett to rebuild the house.

That where an estate is granted to a man's wife upon condition that she do not again marry the condition is good and is broken by her not continuing *sole*, is a well settled principle of common law ; estates upon condition, 2 Blackstone 154. "As, if an estate be granted to a woman during her widowhood, or to a man until he be promoted to a benefice, in these, and similar cases, whenever the contingency happens, when the widow marries or when the grantee obtains a benefice, the respective estates are absolutely determined and gone;" Ibid, page 95. That such conditions are not against the policy of the law of Pennsylvania is well settled. The authorities are numerous. The case of the Commonwealth vs. Stauffer, 10 Pa. 350, need only be cited. There are a number before and since. It is held that even at common law, and in the construction of a deed, no precise technical words necessarily make a stipulation *precedent* or *subsequent*. Neither does it depend upon the circumstances whether the clause has a prior or a posterior place in the deed so that it takes effect in the proviso. For the same words have been construed to operate either as a precedent or as a subsequent condition according to the nature of the transaction. The dependence or independence of covenants or conditions, Lord Mansfield said, is to be collected *from the evident sense and meaning of the parties.*

3 Wa 4

See cases in note to 2 Blackstone, (Chitty's edition,) page 124. Among the universally observed rules in the construction of deeds, one is, "that the construction be favorable, and as near to the minds and apparent intents of the parties as possible it may be, and law will permit." Another is, "that too much regard be not had to the nature and proper definition, signification and acceptance of words and sentences, to pervert the simple intentions of the parties." Again, "that the construction be made upon the entire deed and that one part of it doth help to expound another, and that every word (if it may be) may take effect and none be rejected, and that all the parts do agree together and there be no discordance therein," and again, "that the construction be such as the whole deed and every part of it may take effect and as much effect as may be to that purpose for which it was made;" Sheppard's Touchstone, 83-84.

It is true that many things are laid down in the books which make a condition in a deed void, for instance, "a grant of land or rent, in fee simple, upon condition that the grantee shall not alien, or that his widow shall not have dower, these conditions are void as clearly repugnant to the grant; Shep. Touch., 129-131. But if the condition be that the grantee shall not alien to particular persons or within a reasonable limited period, these conditions shall stand, not being inconsistent with the nature of the estate granted; Co. Lit. 223. I do not find any case or any principle of law laid down in the books that enables me to determine that a man may not grant land to his wife in fee, upon condition that after his death she does not re-marry, or so long as she bears his name.

It is contended, as stated, that the clause in the deed in this case is not a condition, and if so, it is uncertain. The "provided, condition," &c., are not necessary to make a condition of this kind. "A condition subsequent would be a grant to A, and his heirs * * * * * * * * or to B, so long as she should remain a widow. The estates in these cases vest, subject to be divested * * * * * * * * upon marriage of the grantee;" Washburn on real property, 4 Ed. Vol. 2, top page. In the case of M'Ilvaine vs. Gethen, 3 Wharton, 588, Judge Kennedy considered the words "*if* she shall so long

remain my widow," the most appropriate of all others for making a condition, and then adds: "the very words are used here, which Sir Thomas Plumer seems to mention as importing a condition beyond the possibility of a doubt." Nor do I see that the condition is uncertain. The words are, "So long as she bears the name of Farrow." The grantor had the right to put this condition in the deed. "A man having a thing may condition with it as he will;" Shep. Touch. 118. This man had a family and probably did not want the lot to go out of it, and therefore provided, in substance, that if his wife re-married, it was to revert to his heirs. The clause in question could mean nothing else than that the estate was to vest only so long as grantor's wife continued to bear his name. She would bear his name so long as she did not marry another man of a different name. When she married again, she would, it is presumed, change her name. Every lawyer would understand, we think, what the meaning and intent of the grantor was. If so, to give it a different construction, would be to violate one of the rules laid down in all the text books and decisions, before referred to, viz: "that the construction be favorable and as near to the minds and apparent intents of the parties, as possible it may be, and law will permit." It is argued that she might marry a man of the same name, a stranger to the blood of the grantor, and that in such case she would continue to "bear the name of Farrow."' Even this would not render the condition uncertain, but I apprehend the Court, in that case would give the instrument such construction only as would give to it such effect as would be in accordance with the manifest meaning and intent of the grantor, to wit: that the estate was to vest *so long as the grantee remained his widow.* That is what he meant beyond all question, and it would be a strain to impute any other meaning to the words used.

It is also contended that the *habendum* is repugnant and void. I do not think so. Blackstone, Vol. 2, 298, says 'Had it (the grant) been to him and his heirs, *habendum* to him for life, the habendum would be utterly void, for an estate of inheritance is vested in him before the *habendum* comes, and shall not afterwards be taken away or divested by

it." The same is said in Sheppard's Touchstone 108, 109, but on the latter page it said, "but if a man grant land to another and his heirs, to have and to hold to him for a certain number of years; in this case, whether he make livery of seisin or not, it is a good *habendum*, and by this the grantee shall have an estate for so many years and no more." Other examples are there given. The *habendum* in a deed may enlarge, qualify, expound or vary the estate given by the premises; Sheppard's Touchstone, 73; Moss vs. Sheldon, 3 W. & S., 160; Tyler vs. Moore, 6 Wright 374; Watters vs. Bredin, 20 P. F. Smith, 325.

Lastly, it is contended that the forfeiture was waived by the plaintiffs not availing themselves of the breach of the condition, and allowing Willets to rebuild the house. The case stated does not state whether they were minors or married women at the time their mother married Rohrbach and thereby forfeited her estate. There is, however, no evidence of any act or express agreement by which a waiver could be said to take place. There is nothing before us to show that they, whilst *sui juris*, stood by and saw Willet make improvements without objections on their part, and therefore I do not see that they have lost their title, if any they ever had. It is not like the case of the Sharon Iron Company vs. The City of Erie, 5 Wright 341, where the city expressly dispensed with and waived one of the conditions.

No question is sought to be raised as to the necessity of re-entry.

The case stated provides that if the Court be of opinion that the title to the land described in the writ of ejectment, which is made part of this case, was in David Willet, at the time of his death, by virtue of the therein recited conveyances, then judgment to be entered in favor of the defendants, if otherwise then judgment to be entered for the plaintiff for the premises described in the writ of ejectment.

Being of the opinion that the title of the land was not in David Willet, at the time of his death, by virtue of the conveyances recited and the facts set forth in the case stated, judgment is entered for the plaintiffs for the premises described in the writ of ejectment.

Wolverton then took a writ of error, complaining of the action of the Court in entering judgment on the case stated in favor of the plaintiff.

*S. P. Wolverton and C. R. Savidge, Esqs.*, for plaintiff in error argued, that the deed from John Farrow to Annetta Farrow created an estate in fee. The deed must be interpreted, not from what the parties thought, but from what the deed says; White vs. Smith, 33 Penna. 186; Waugh vs. Waugh, 84 Penna. 350. Forfeitures are not encouraged; Paschall vs. Passmore, 15 Penna. 295. The condition in the deed is absurd and frivolous, and therefore void; Turner vs. Fowler, 10 W. 328. The condition is uncertain; Brothers vs. McCurdy, 36 Penna. 407; McCullough vs. Gilmore, 11 Penna. 370. The condition is in the habendum, and it is repugnant to the premises, and contradicts them, and must give way to the premises; Tyler vs. Moore, 42 Penna. 374; Warn vs. Brown, 13 W. N. C. 453; Breitenbach vs. Dungan, 5 Clark 236. The heirs of John Farrow waived the condition by allowing Willet to rebuild the house; Sharon Iron Co. vs. The City of Erie, 41 Penna. 341.

*S. B. Boyer and A. N. Brice, Esqs.* argued, that the condition expressed in the deed, meant that if she remarried the estate was forfeited; Huss vs. Stephens, 51 Penna. 282; Commonwealth vs. Stauffer, 10 Penna. 350; Cornell vs. Lovett, 35 Penn. 100; Hotz s Estate, 38 Penna. 422. Technical words are not absolutely essential to the existence of the condition; Paschall vs. Passmore, 15 Penna. 295. The case of Sharon Iron Co. vs. The City of Erie, 41 Penna. 341, was one in which the facts were altogether different.

The Supreme Court affirmed the judgment of the Common Pleas on the 18th May, 1885, in the following opinion:

PER CURIAM.

The manifest intent of the grantor was to give to his wife the use of the property so long only as she should remain his widow. The judgment is affirmed on the able opinion of the judge in the Court below.

Judgment affirmed.